IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BETA HEALTH ALLIANCE MD PA § <br> d/b/a MEDCENTRA, et al., § <br> § <br>     Plaintiffs, § <br> § <br> vs. § <br> § <br> KELLEY WITHERSPOON LLP, et al. § <br> § <br>     Defendants. § | Civil Action No. 3:09-CV-0399-BF |

## MEMORANDUM OPINION AND ORDER

The parties consented to proceed before the United States Magistrate Judge, and the District Court entered an Order Reassigning Case on May 27, 2009. (Doc. 14.) Plaintiffs' motion to dismiss Defendants' counterclaim pursuant to FED. R. CIV. P. 12(b)(6) is now before this Court in accordance with 28 U.S.C. § 636(c). For the reasons stated herein, the Court GRANTS Plaintiffs' motion. Defendants' counterclaim is DISMISSED.

## Background

This lawsuit arises from a continued arrangement between Plaintiffs Beta Health Alliance MD PA, *doing business as*, Medcentra, Associated Medical Providers, and Allied Group MD PA (collectively "Plaintiffs"), and Defendants Kelley Witherspoon LLP ("Firm"), Kevin Lamar Kelley ("Kelley") and Nuru Lateef Witherspoon ("Witherspoon") (collectively "Defendants").[1] Defendants, a law firm and its attorneys, represented clients who had been injured as a result of accidents, such as car and premises accidents. (Compl. at 2.) From 2003 through 2008, on over 34 occasions, Defendants referred their injured clients to Plaintiffs, medical services providers, for

---

[1] For the purposes of this motion, the facts alleged in Plaintiffs' complaint are taken as true.

medical treatment of injuries sustained during these accidents. (Compl. at 2.) At the time of these referrals, Defendants made verbal and written promises to Plaintiffs that the medical bills of these persons would be promptly paid when the underlying legal injury cases were settled. (Compl. at 2.) One such assurance was a "Letter of Protection," a document composed and signed by the Defendants, which stated that Defendants would pay the medical bills for any reasonable and necessary care administered by Plaintiffs to Defendants' clients. (Compl., Ex. B.)

In reliance on Defendants' verbal and written assurances, Plaintiffs provided medical treatment to Defendants' clients and abstained from collection efforts against these clients. (Compl. at 2.) They also kept the appropriate medical records and provided copies of these records to Defendants by depositing them into the United States Mail. (Compl. at 2.) As time passed, however, Defendants never made any payments to Plaintiffs. (Compl. at 2.) When questioned about the missing payments, Defendants reassured Plaintiffs that the money would be forthcoming as soon as the pending cases were resolved. (Compl. at 2.)

According to Plaintiffs, Defendants falsely told them that the underlying cases were still pending when, in fact, Defendants had resolved the cases, collected the settlement funds, and distributed the proceeds. (RICO Case Statement at 6-8.) Plaintiffs allege that Defendants had no intention of paying them upon settlement and had no intention of honoring the Letter of Protection. (Compl. at 3.) Plaintiffs also assert that Defendants intended to deceive and defraud Plaintiffs to obtain medical records for their cases and resultant attorneys' fees for themselves. (Compl. at 3.) Plaintiffs claim that Defendants' fraudulent scheme lasted for over four years and deprived them of a substantial sum of money. (Compl. at 3.)

On March 3, 2009, Plaintiffs filed this lawsuit against Defendants, asserting that Defendants

violated both the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Texas state law. (Doc. 1.) Plaintiffs allege that Defendants violated RICO by engaging in mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), health care fraud (18 U.S.C. § 1347), interstate transportation offenses (18 U.S.C. § 2314), and by attempting and conspiring to commit the aforementioned offenses (18 U.S.C. § 1349). (Compl. at 1.) On March 25, 2009, Defendants filed an answer and a motion to dismiss for lack of subject matter jurisdiction. (Doc. 5.) They also filed a counterclaim alleging defamation based on Plaintiffs' filed claims in the Dallas County Justice of the Peace Courts. (Resp. at 3.) Plaintiffs now move to dismiss the counterclaim, arguing that it is barred as a matter of law.

## **Standard of Review**

Plaintiffs move to dismiss Defendants' counterclaim for defamation pursuant to FED. R. CIV. P. 12(b)(6), claiming Defendants have failed to state a claim upon which relief may be granted. A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A court may not dismiss a claim under FED. R. CIV. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether dismissal should be granted, the court must presume all well-pleaded facts as true and must review them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must be specific, rather than mere conclusory allegations, and must be enough to raise a right to relief above a speculative level. *See id.* at 555.

3

## Analysis

Plaintiffs argue that Defendants' counterclaim for defamation is barred as a matter of law because there is an absolute privilege for any communication made during the course of a legal proceeding. This Court agrees. Under Texas law, it is well settled that "[a]ny communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel." *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942) (citations omitted). This is true regardless of the negligence or malice with which the communication is made, and "the rule of nonliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case." *Id.* The absolute privilege for judicial communication is founded on the theory that citizens ought to have an unqualified right to seek redress in civil courts, without the fear of being sued for defamation. *See Runge v. Franklin*, 10 S.W. 721, 724 (Tex. 1889). The privilege extends "to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982).

In their counterclaim, Defendants allege that Plaintiffs published, orally and in writing, false statements accusing the Defendants of dishonest and criminal conduct. (Resp. at 2-3.) They claim the statements constitute defamation per se. (Resp. at 3.) However, Defendants' only allege false statements made in claims filed in a Dallas County Justice of the Peace Court. (Resp. at 3.) Therefore, Defendants' counterclaim does not allege any statements other than those made during judicial proceedings. Because Plaintiffs' statements were made during a judicial proceeding, they

are absolutely privileged and cannot be the basis of a civil action for defamation.

## Conclusion

There is an absolute privilege for any communication made during a judicial proceeding. Thus Plaintiffs' statements made upon filing a claim in Dallas County Justice of the Peace Courts are absolutely privileged. Because these statements are afforded an absolute privilege and cannot be the basis for a defamation cause of action, Defendants have failed to state a claim upon which relief may be granted. As a result, Plaintiffs' motion to dismiss is GRANTED, and Defendants' counterclaim is DISMISSED.

SO ORDERED, July 22, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE