IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETA HEALTH ALLIANCE MD PA d/b/a MEDCENTRA, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 3:09-CV-0399-BF |
| KELLEY WITHERSPOON LLP, et al. | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The parties consented to proceed before the United States Magistrate Judge, and the District Court entered an Order Reassigning Case on May 27, 2009. (Doc. 14.) Defendants' motion to dismiss for lack of subject matter jurisdiction is now before this Court in accordance with 28 U.S.C. § 636(c). For the reasons stated herein, Defendants' motion to dismiss is DENIED.

## Background

This lawsuit arises from a continued arrangement between Plaintiffs Beta Health Alliance MD PA, *doing business as*, Medcentra, Associated Medical Providers, and Allied Group MD PA (collectively "Plaintiffs"), and Defendants Kelley Witherspoon LLP ("Firm"), Kevin Lamar Kelley ("Kelley"), and Nuru Lateef Witherspoon ("Witherspoon") (collectively "Defendants").[1] Defendants, a law firm and its attorneys, represented clients who had been injured as a result of accidents, such as car and premises accidents. (Compl. at 2.) From 2003 through 2008, on over 34 occasions, Defendants referred their injured clients to Plaintiffs, medical services providers, for medical treatment of injuries sustained during these accidents. (Compl. at 2.) At the time of these

---

[1] For the purposes of this motion, the facts alleged in Plaintiffs' complaint are taken as true.

referrals, Defendants made verbal and written promises to Plaintiffs that the medical bills of these persons would be promptly paid when the underlying legal injury cases were settled. (Compl. at 2.) One such assurance was a "Letter of Protection," a document composed and signed by the Defendants which stated that Defendants would pay the medical bills for any reasonable and necessary care administered by Plaintiffs to Defendants' clients. (Compl., Ex. B.)

In reliance on Defendants' verbal and written assurances, Plaintiffs provided medical treatment to Defendants' clients and abstained from collection efforts against these clients. (Compl. at 2.) They also kept the appropriate medical records and provided copies of these records to Defendants by depositing them into the United States Mail. (Compl. at 2.) As time passed, however, Defendants never made any payments to Plaintiffs. (Compl. at 2.) When questioned about the missing payments, Defendants reassured Plaintiffs that the money would be forthcoming as soon as the pending cases were resolved. (Compl. at 2.)

According to Plaintiffs, Defendants falsely told them that the underlying cases were still pending when, in fact, Defendants had resolved the cases, collected the settlement funds, and distributed the proceeds. (RICO Case Statement at 6-8.) Plaintiffs allege that Defendants had no intention of paying them upon settlement and had no intention of honoring the Letter of Protection. (Compl. at 3.) Plaintiffs also assert that Defendants intended to deceive and defraud Plaintiffs to obtain medical records for their cases and resultant attorneys' fees for themselves. (Compl. at 3.) Plaintiffs claim that Defendants' fraudulent scheme lasted for over four years and deprived them of a substantial sum of money. (Compl. at 3.)

On March 3, 2009, Plaintiffs filed this lawsuit against Defendants, asserting that Defendants violated both the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Texas state

2

law. (Doc. 1.) Plaintiffs allege that Defendants violated RICO by engaging in mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), health care fraud (18 U.S.C. § 1347), interstate transportation offenses (18 U.S.C. § 2314), and by attempting and conspiring to commit the aforementioned offenses (18 U.S.C. § 1349). (Compl. at 1.) On March 25, 2009, Defendants filed an answer, a motion to dismiss for lack of subject matter jurisdiction, and a counterclaim for defamation. (Doc. 5.)

## **Standard of Review**

Defendants move for dismissal pursuant to FED. R. CIV. P. 12(b)(1), claiming the Court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Federal district courts have subject matter jurisdiction over federal questions arising under the Constitution, laws or treaties of the United States, 28 U.S.C. § 1331 (2006), and civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship, 28 U.S.C. § 1332 (2006).

In ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff constantly bears the burden of proof that jurisdiction exists. *Rodriguez v. Tex. Comm'n of the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Where the defendant's challenge to

3

the court's jurisdiction is also a challenge to the existence of a federal cause of action, the Court must deal with the challenge as an attack on the merits of the claim. *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). Therefore "a motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010 (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)). In ruling on Plaintiffs' motion, the Court will consider both the complaint and RICO Case Statement.

## **Analysis**

Plaintiffs seek to recover damages for violations of the RICO statute, 18 U.S.C. § 1961 (2006), *et seq*. Section 1964 of RICO expressly provides that federal district courts have jurisdiction over civil claims brought under the act. *See* 18 U.S.C. § 1964(c).[2] Accordingly, this Court must determine whether Plaintiffs' stated claim does, in fact, fall under this statute. For the reasons stated herein, this Court finds that Plaintiffs' claim falls under 18 U.S.C. § 1962(a), (c), and (d).

Plaintiffs allege Defendants violated 18 U.S.C. § 1962(a), (c), and (d). According to the Fifth Circuit, these subsections, in their simplest terms, state that:

> (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;
>
> (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and
>
> (d) a person cannot conspire to violate subsections (a), (b), or (c).

---

[2] Section 1964(c) of RICO states: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . ."

4

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).

A civil RICO claim thus requires: "(1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988) (emphasis in original). Moreover, to have standing under RICO, the plaintiff must demonstrate that the defendant's violation of RICO caused injury to business or property. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) (citations omitted). In looking both at the Plaintiffs' complaint and the court-ordered RICO Case Statement, the Court concludes that Plaintiffs sufficiently assert a RICO person, a pattern of racketeering, and a RICO enterprise, and claim an actual injury to their business. Therefore, Plaintiffs have sufficiently alleged a claim under 18 U.S.C. § 1962(a), (c), and (d).

### **RICO Persons**

Under RICO, a "person" includes "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). Generally, the RICO person in a civil action is the defendant. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 425 (5th Cir. 1990) (citing *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988)). Moreover, the "person" must be one that either poses or has posed a continuous threat of engaging in acts of racketeering. *Delta Truck & Tractor, Inc.* 855 F.2d at 242. "In most cases, pleading the existence of a 'pattern of racketeering activity' will supply this element of continuity to the RICO person." *Id.*

Plaintiffs have succeeded in naming a sufficient RICO person. Plaintiffs have alleged three RICO persons in their complaint: the Firm, Kelley, and Witherspoon. (Compl. at 1.) Kelley and Witherspoon are individuals capable of holding a legal or beneficial interest in property, and the

5

Firm is an entity capable of holding a legal or beneficial interest in property. Thus, all three defendants meet the statutory definition. 18 U.S.C. § 1961(3). Moreover, for the reasons stated below, Defendants, pose a continuous threat of engaging in acts of racketeering.

### **Pattern of Racketeering Activity**

To allege a pattern of racketeering activity, as required by 18 U.S.C. § 1962, Plaintiffs must allege at least two acts of racketeering. *See* 18 U.S.C. § 1961(5). Section 1961(1)(B) defines racketeering activity as "any act which is indictable" under several specified sections of Title 18 of the United States Code. Thus, Plaintiffs must show both predicate acts and a pattern of such acts. *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993) (citing *Delta Truck & Tractor, Inc.*, 855 F.2d at 242-43. Additionally, "[t]he critical features of a pattern of racketeering activity are continuity and relationship." *Delta Truck & Tractor, Inc.*, 855 F.2d at 243 (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985)). A relationship exists if "criminal conduct forms a pattern" which "embraces criminal acts that have the same or similar purposes, results, participants, victims or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Strain v. Kaufman County Dist. Attorney's Office*, 23 F. Supp. 2d 685, 695 (N.D. Tex. 1998) (quoting *Landry*, 901 F.2d at 432).

Plaintiffs have succeeded in asserting a pattern of racketeering. Plaintiffs have alleged that Defendants engaged in mail fraud and wire fraud, which are both predicate acts of racketeering under 18 U.S.C. § 1962. (Compl. at 5.) They contend that Defendants engaged in mail fraud by using the United States Postal Service to send and deliver various documents and materials used in furtherance of Defendants' scheme to defraud and deceive Plaintiffs. (RICO Case Statement at 3-4.) They assert that Defendants engaged in wire fraud by using wire communications such as interstate

telephone calls and internet communications to further their overall scheme and to collect the proceeds of the individual case settlements. (RICO Case Statement at 4.) Moreover, Plaintiffs have asserted that there was a pattern of activity. Specifically, Plaintiffs claim that from 2003 to 2008, Defendants referred at least 34 patients to Plaintiffs, promising to pay Plaintiffs for all medical services rendered. (Compl. at 2.) Plaintiffs allege that although Defendants reassured Plaintiffs that the bills would be paid, Defendants had no intention of making any payments. (Compl. at 2-3.) Plaintiffs claim that they only continued to accept referrals over the five-year period because they believed the reassurances and misrepresentations made by the Defendants. (RICO Case Statement at 8.) Therefore, according to Plaintiffs, Defendants' actions were not isolated events: Defendants carried out their fraudulent scheme in at least 34 instances, and while the individual patients varied, the nature of the scheme and the way it was implemented remained the same. (RICO Case Statement at 8.) They claim that there was a common plan (to defraud Plaintiffs out of money and services), the same participants (Kelley, Witherspoon, and the Firm), the same victim (Plaintiffs), and the same method of commission. (RICO Case Statement at 8.) By asserting that Defendants engaged in mail fraud and wire fraud in at least 34 instances in order to carry out a fraudulent scheme, Plaintiffs sufficiently allege a pattern of racketeering activity.

### Enterprise

A RICO enterprise "includes any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Therefore, a RICO enterprise can be either a legal entity or an association-in-fact. *See Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988). "An association-in-fact enterprise (1) must have an existence separate and apart from the pattern of racketeering, (2) must

be an ongoing organization and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Delta Truck & Tractor, Inc.*, 855 F.2d at 243-44 (citations omitted).

Plaintiffs have succeeded in asserting two RICO enterprises. The first alleged RICO enterprise is the Firm. (Compl. at 4.) Because the Firm is a Texas limited partnership, it is a legal entity and it satisfies the statutory definition of an enterprise. 18 U.S.C. § 1961(4). The second alleged RICO enterprise is an association-in-fact, consisting of Kelley, Witherspoon, the Firm, clients of the Firm, and insurance carriers. (Compl. at 4.) Plaintiffs assert that the association-in-fact is an ongoing organization, existing since 2003 through the present, to handle the administration and resolution of personal injury claims. (Compl. at 4.) According to Plaintiffs, this existence is separate and apart from the pattern of racketeering. (Compl. at 4.) Plaintiffs also allege that the association-in-fact operates on a hierarchal basis under the direction of Kelley and Witherspoon. (RICO Case Statement 9.) Lastly, Plaintiffs assert that because some of the members of the association-in-fact enterprise voluntarily agreed to join the enterprise and play an active role in its affairs, there is a consensual decision-making structure. (RICO Case Statement at 9.) Because Plaintiffs claim that there is an ongoing organization with a continuity of structure and a shared purpose, Plaintiffs have properly alleged an association-in-fact.

## **Injury**

A plaintiff may sue for damages under RICO only if he has suffered injury to his business or property by the conduct constituting the violation. 18 U.S.C. § 1964(c). Therefore, a plaintiff must suffer an economic injury which is concrete and particular and not speculative. *Price v. Pinnacle Brands, Inc.*, Civil Action No. 3:96-CV-2150-T, 1997 WL 820964, at *2 (N.D. Tex. Apr.

8

2, 1997) (citations omitted). Plaintiffs sufficiently allege that the fraudulent scheme caused concrete injuries. Plaintiffs claim that had Defendants not made continued promises, reassurances, and misrepresentations, they would not have continued providing medical care to Defendants' clients. (RICO Case Statement at 8.) Moreover, Plaintiffs claim that but for the fraudulent scheme and wrongful acts of the Defendants, Plaintiffs would not have been injured financially. (RICO Case Statement at 14.) Plaintiffs allege they have been injured because they provided medical services for which Plaintiffs did not pay. (RICO Case Statement at 13.) In fact, Plaintiffs have submitted a list of patients who received medical care and whose medical bills remain outstanding and unpaid. (Compl., Ex. A. at 3-10.) Also, Plaintiffs allege they have been deprived of the ability to provide medical services to patients who would have paid for these services, but obtained the services through Defendants. (RICO Case Statement at 13.) Lastly, Plaintiffs assert they have been deprived of the ability to provide services to other patients as their limited resources have been diverted by the fraudulent activities of the Defendants. (RICO Case Statement at 13.) According to Plaintiffs, these losses exceed $145,619, exclusive of interest and costs of the lawsuit. (RICO Case Statement at 13.)

**Conclusion**

Plaintiffs have adequately pled facts to support that Defendants are RICO persons who have engaged in a pattern of racketeering that is connected to the acquisition, establishment, conduct, or control of an enterprise. They have also adequately pled facts to support that their business has suffered injury. Therefore, Plaintiffs' allegations are sufficient to show that Plaintiffs' claim falls under 18 U.S.C. § 1962. Because Plaintiffs' claim falls under the RICO statute, this Court has subject matter jurisdiction over the lawsuit. As a result, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

SO ORDERED, July 22, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE